1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHARON E. BARNETT,

               Plaintiff,

  v.

CAROLYN W. COLVIN,

               Defendant.

NO:  CV-13-0191-FVS

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

      BEFORE THE COURT are the parties' cross motions for summary

judgment. ECF Nos. 17 and 19.  This matter was submitted for consideration

without oral argument.  Plaintiff was represented by Dana C. Madsen. Defendant

was represented by Sarah L. Martin.  The Court has reviewed the administrative

record and the parties' completed briefing and is fully informed. For the reasons

discussed below, the court grants Defendant's Motion for Summary Judgment and

denies Plaintiff's Motion for Summary Judgment.

## JURISDICTION

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  1

Plaintiff Sharon E. Barnett protectively filed for supplemental security income ("SSI") on January 8, 2010. Tr. 199. Plaintiff initially alleged an onset date of December 31, 1995 (Tr. 199), but later amended the onset date to January 8, 2010 (Tr. 37). Benefits were denied initially and upon reconsideration. Tr. 115-118, 120-21. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ R.J. Payne on June 21, 2011. Tr. 62-84. The ALJ denied benefits (Tr. 88-105), but the Appeals Council remanded the case and directed the ALJ to develop the record, and further evaluate Plaintiff's subjective complaints and RFC (Tr. 106-110). This hearing was held before ALJ R.J. Payne on July 26, 2012. Tr. 35-61. Plaintiff was represented by counsel and testified at the hearing. Tr. 46-60.  Medical expert Dr. Donna Veraldi also testified. Tr. 38-45. The ALJ denied benefits (Tr. 14-34) and the Appeals Council denied review (Tr. 1). The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 36 years old at the time of the hearing. She completed tenth grade and was in special education her whole life. Tr. 47-48. Plaintiff has been only sporadically employed and testified that she never held any job for more than

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT  2

1    one or two months at a time. Tr. 49-50. Plaintiff testified that the number one

2    reason she wouldn't be able to work is she is forgetful. Tr. 53-54. She also testified

3    that her reading, writing, and math skills are "poor." Tr. 47.

4                          **STANDARD OF REVIEW**

5           A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

7    limited: the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153,

9    1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means

10   relevant evidence that "a reasonable mind might accept as adequate to support a

11   conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently,

12   substantial evidence equates to "more than a mere scintilla[,] but less than a

13   preponderance." *Id.* (quotation and citation omitted). In determining whether this

14   standard has been satisfied, a reviewing court must consider the entire record as a

15   whole rather than searching for supporting evidence in isolation. *Id.*

16          In reviewing a denial of benefits, a district court may not substitute its

17   judgment for that of the Commissioner. If the evidence in the record "is susceptible

18   to more than one rational interpretation, [the court] must uphold the ALJ's findings

19   if they are supported by inferences reasonably drawn from the record." *Molina v.*

20   *Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  3

reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4

1    416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

2    Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

3    404.1520(b); 416.920(b).

4         If the claimant is not engaged in substantial gainful activities, the analysis

5    proceeds to step two. At this step, the Commissioner considers the severity of the

6    claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the

7    claimant suffers from "any impairment or combination of impairments which

8    significantly limits [his or her] physical or mental ability to do basic work

9    activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

10   416.920(c). If the claimant's impairment does not satisfy this severity threshold,

11   however, the Commissioner must find that the claimant is not disabled. *Id.*

12        At step three, the Commissioner compares the claimant's impairment to

13   several impairments recognized by the Commissioner to be so severe as to

14   preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

15   404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more

16   severe than one of the enumerated impairments, the Commissioner must find the

17   claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

18        If the severity of the claimant's impairment does meet or exceed the severity

19   of the enumerated impairments, the Commissioner must pause to assess the

20   claimant's "residual functional capacity." Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  5

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  6

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir. 2012).

ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 8, 2010, the amended alleged onset date. Tr. 19. At step two, the ALJ found Plaintiff has the following severe impairments: learning disorder, dysthymic disorder, borderline intellectual functioning, and dependent personality disorder. Tr. 19. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 23. The ALJ then determined that Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: moderate limitations in the ability to understand, remember, and carry out detailed instructions; the ability to interact appropriately with the general public; and the ability to set realistic goals or make plans independently of others.

Tr. 25. At step four, the ALJ found Plaintiff has no past relevant work. Tr. 28. At step five, the ALJ found that considering the Plaintiff's age, education, work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT  7

experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 28.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ improperly discounted Plaintiff's statements regarding the severity of her impairments; and (2) the ALJ did not properly consider nor reject Dr. John Arnold's medical opinion. ECF No. 17 at 8-12. Defendant argues: (1) the ALJ provided clear and convincing reasons to find Plaintiff not credible; and (2) the ALJ properly weighed Dr. Arnold's opinion. ECF No. 19 at 6-13.

## DISCUSSION

**A. Credibility**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT  8

1    recognizes that the severity of a claimant's symptoms "cannot be objectively

2    verified or measured." *Id.* at 347 (quotation and citation omitted).

3        If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ

4    must make a credibility determination with findings sufficiently specific to permit

5    [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's

6    testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this

7    determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for

8    truthfulness; (2) inconsistencies in the claimant's testimony or between his

9    testimony and his conduct; (3) the claimant's daily living activities; (4) the

10   claimant's work record; and (5) testimony from physicians or third parties

11   concerning the nature, severity, and effect of the claimant's condition. *Id.*  Absent

12   any evidence of malingering, the ALJ's reasons for discrediting the claimant's

13   testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d

14   661, 672 (9th Cir.2012) (quotation and citation omitted).

15       Plaintiff argues the ALJ improperly discounted Plaintiff's testimony

16   concerning the severity of her impairments.  ECF No. 17 at 11-12.  Plaintiff

17   testified that could not read a newspaper because of poor reading skills, and also

18   reported that her spelling and math skills were poor. Tr. 47. She testified that the

19   "number one reason" she was unable to work was that she was "forgetful." Tr. 53-

20   54. The ALJ found Plaintiff's "statements concerning the intensity, persistence,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 9

1  and limiting effects of [her] symptoms are not entirely credible." Tr. 26. The ALJ

2  listed multiple reasons in support of this adverse credibility finding.

3      First, the ALJ cites objective medical evidence that does not support

4  Plaintiff's claim that she cannot work due to being forgetful. Tr. 26. Subjective

5  testimony cannot be rejected *solely* because it is not corroborated by objective

6  medical findings, but medical evidence is a relevant factor in determining the

7  severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th

8  Cir. 2001)(emphasis added).  While the court notes that Plaintiff was consistently

9  diagnosed as having "borderline intellectual functioning" (Tr. 314, 400, 418), the

10  results of mental status examinations have generally been within normal limits (Tr.

11  311-12, 325-326, 362-363, 402, 417-418). The ALJ also relies on evidence that

12  Rey-15 tests "have been consistent with memory malingering." Tr. 26 (citing 417,

13  424).[1] Finally, the ALJ accurately notes that the psychological evaluation evidence

14

15  [1] Defendant argues that this mention of memory malingering was a separate reason

16  given by the ALJ to support his adverse credibility finding. ECF No. 19 at 7-8.

17  However, the court finds the context of the ALJ's citation to this evidence was to

18  support the reasoning that objective medical findings did not corroborate Plaintiff's

19  testimony that she could not work because she was forgetful. Thus, malingering

20  will not be analyzed as a separate reason, nor does it alter the applicable standard

contains no report by Plaintiff of significant memory problems. Tr. 26. This objective medical evidence was relevant and properly considered by the ALJ, as it did not form the sole basis for his adverse credibility finding.

Second, the ALJ identified multiple inconsistencies in the record that support the ALJ's finding that Plaintiff was not credible. Most glaringly, Plaintiff testified that the primary reason she could not work was forgetfulness (Tr. 54), but at the same hearing she testified that her memory is "okay" (Tr. 52). Plaintiff's inconsistent statements about this symptom are a clear and convincing reason to find her not credible. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may consider prior inconsistent statements concerning symptoms in considering credibility)).

Moreover, the ALJ found that "[a]lthough the undersigned has found the claimant's history of substance dependence is not material to the determination of disability, the claimant has provided inconsistent information related to her substance use." Tr. 26. Conflicting statements about substance abuse may support an ALJ's "negative conclusions about [Plaintiff's] veracity." *Thomas*, 278 F.3d at 959; *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (an ALJ may discredit a claimant's allegations based on relevant character evidence). When

in this case requiring the ALJ to give clear and convincing reasons to support finding Plaintiff's testimony not credible. *See Chaudhry,* 688 F.3d at 672.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 11

1    questioned at the hearing, Plaintiff alternately testified that she used illegal drugs

2    "two years ago," "two to four years ago," and "four years ago, five years ago, or

3    somewhere around there." Tr. 50-51. She further testified that the only drug she

4    previously used was marijuana. Tr. 51. However, in 2010 she reported to Dr. Joyce

5    Everhart that she "now uses marijuana occasionally" although the "last time she

6    used marijuana was about two years ago;" and she denied using any other drugs.

7    Tr. 361. In contrast to these previous reports, in September 2011 she reported to

8    Dr. John Arnold that "she had not used meth in years" and her last use of

9    marijuana was "about a year and a half ago." Tr. 417. The record again shows

10   inconsistent responses regarding drug use in November 2011 when she denied any

11   drug or alcohol usage with "the exception of smoking cannabis during her youth."

12   Tr. 422.  But in 2007 she reported smoking methamphetamines "three to four

13   weeks ago" (Tr. 310), and then contradictorily reported in 2008 that she last used

14   methamphetamines one and a half years ago (Tr. 323). The former provider

15   concluded that Plaintiff was "vague and inconsistent regarding her substance abuse

16   history" (Tr. 310); and the latter determined that Plaintiff's "report of last

17   methamphetamine and marijuana use do not appear to be credible when compared

18   to the medical record (Tr. 324).

19          Plaintiff argues that this reason was "inadequate" because it is

20   "uncontradicted that there is no evidence of current substance abuse and substance

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  12

abuse has no [effect] on her diagnoses or impairment." ECF No. 17 at 11-12.

However, Plaintiff's inconsistent statements throughout the record, regarding both

the timing and nature of her drug use, is a clear and convincing reason to discount

Plaintiff's credibility.

Third, the ALJ found that Plaintiff's "poor work history additionally raises

some questions as to whether the current unemployment is truly the result of

mental health problems." Tr. 26. Poor work history is an appropriate factor to

consider when evaluating Plaintiff's credibility. *See Thomas*, 278 F.3d at 959. This

reason was not challenged by Plaintiff in her briefing. *See Carmickle v. Comm'r of*

*Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to

address this issue as it was not raised with specificity in Plaintiff's briefing). As

noted by the ALJ, Plaintiff has not worked since 1998; and prior to that Plaintiff

only worked sporadically and not at substantial gainful activity levels. Tr. 26. She

testified that the longest she had ever worked was one or two months at a time. Tr.

49-50.  Plaintiff's poor work history, even in the years predating her alleged

disability, is a clear and convincing reason to discount Plaintiff's credibility.

Finally, the ALJ noted that Plaintiff did not seek mental health counseling at

any time during the relevant period. Tr. 26. Unexplained, or inadequately

explained, failure to seek treatment or follow a prescribed course of treatment may

be the basis for an adverse credibility finding unless there is a showing of a good

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  13

reason for the failure. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). However, an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." Social Security Ruling ("SSR") 96-7p at *7 (July 2, 1996), available at 1996 WL 374186. Plaintiff's briefing offers no explanation for her failure to pursue treatment. Plaintiff testified that she has medical insurance and she knows how to make an appointment. Tr. 51-52. A review of the record confirms that Plaintiff did not seek mental health treatment; and reveals a statement by Dr. Arnold in 2010 indicating that the only condition that would impair Plaintiff's ability to cooperate with treatment was "non-compliance." Tr. 402. Plaintiff's failure to pursue treatment was a valid reason to find her not credible.

For all of these reasons, and having thoroughly reviewed the record, the court concludes that the ALJ supported his adverse credibility finding with specific, clear and convincing reasons supported by substantial evidence.

**B. Medical Opinion Evidence**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  14

1  (examining physicians); and (3) those who neither examine nor treat the claimant

2  [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

3  *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted).

4  Generally, a treating physician's opinion carries more weight than an examining

5  physician's, and an examining physician's opinion carries more weight than a

6  reviewing physician's. *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th

7  Cir.2001)(citations omitted). If a treating or examining physician's opinion is

8  uncontradicted, the ALJ may reject it only by offering "clear and convincing

9  reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d

10 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's

11 opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

12 providing specific and legitimate reasons that are supported by substantial

13 evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)).

14 "However, the ALJ need not accept the opinion of any physician, including a

15 treating physician, if that opinion is brief, conclusory and inadequately supported

16 by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228

17 (9th Cir. 2009)(quotation and citation omitted). Plaintiff argues that the ALJ erred

18 by improperly rejecting Dr. John Arnold's opinion. ECF No. 17 at 8-10.

19      In December 2010, Dr. Arnold examined the Plaintiff and assessed marked

20 limitations in multiple cognitive and social factors, including her ability to:

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  15

1    understand, remember, and persist in tasks by following complex instructions of

2    three or more steps; learn new tasks; communicate and perform effectively in a

3    work setting with either normal or limited public contact; and maintain appropriate

4    behavior in a work setting. Tr. 401. He opined in the narrative section that Plaintiff

5    was "capable of understanding and carrying out simple repetitive instructions" and

6    able to "complete very simple tasks without close supervision." Tr. 401. In

7    November 2011, Dr. Arnold again examined the Plaintiff and similarly concluded

8    that Plaintiff is "capable of following simple and repetitive instructions," but she

9    would "function best in a work environment having direct support from

10   supervisors and fellow employees... [that] does not require direct interaction with

11   the general public." Tr. 422. He also opined that Plaintiff's "difficulty with

12   memory, focus and concentration will limit her success in the work setting." Tr.

13   422.

14       The ALJ gave little weight to the evaluations conducted by Dr. Arnold

15   during the relevant period.[2] Tr. 27. Plaintiff argues the ALJ "did not properly

16   ────────────────
     [2] Dr. Arnold also conducted an evaluation in 2009 that found substantially similar

17   limitations as in his later assessments. Tr. 350. The ALJ did not address this

18   evaluation in his decision. However, [m]edical opinions that predate the alleged

19   onset of disability are of limited relevance." *Carmickle*, 533 F.3d at 1165. The

20   amended alleged onset date in this case is January 8, 2010 and the evaluation was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  16

consider nor reject Dr. Arnold's opinion and, instead, relied on the testimony of

Dr. Veraldi." ECF No. 17 at 10. Plaintiff notes that Dr. Arnold examined Plaintiff,

whereas Dr. Veraldi testified as a medical expert at the hearing but did not treat or

examine the Plaintiff. Tr. 38-45. Plaintiff is correct that "[t]he opinion of a

nonexamining physician cannot *by itself* constitute substantial evidence that

justifies the rejection of the opinion of either an examining or a treating physician."

*Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(emphasis added). However,

where, as here, the treating physician's opinion is contradicted by medical

evidence, the opinion may still be rejected if the ALJ provides specific and

legitimate reasons supported by substantial evidence in the record. *See Andrews v.*

*Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). Plaintiff contends that "the ALJ did

not expressly reject Dr. Arnold's report and utterly failed to provide any reason to

discount it." ECF No. 17 at 10. However, while not identified or challenged by

Plaintiff in her opening brief, the ALJ did offer specific and legitimate reasons for

rejecting Dr. Arnold's opinion. *See Carmickle*, 533 F.3d at 1161 n.2 (court may

decline to address this issue as it was not raised with specificity in Plaintiff's

briefing).

conducted in 2009. Tr. 37. In addition, Plaintiff does not argue that the ALJ erred

in failing to consider this opinion. Thus, the court declines to address this issue as

it was not raised in Plaintiff's briefing. *See id*. at 1161 n.2.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  17

1       As an initial matter, the court finds that two of the reasons given by the ALJ

2  for rejecting Dr. Arnold's opinion are not specific, legitimate, and supported by

3  substantial evidence. First, the ALJ identifies an alleged discrepancy between the

4  narrative portions of Dr. Arnold's evaluations indicating that Plaintiff was capable

5  of understanding and carrying out simple and repetitive instructions (Tr. 401, 422);

6  and the marked limitations assessed by Dr. Arnold in the check-box portion of the

7  2010 evaluation, as identified above, including but not limited to the ability to

8  learn new tasks and the ability to maintain appropriate behavior in the work

9  setting. Tr. 401. The ALJ is correct that in the functional limitations section of the

10  DSHS evaluation form, "marked" is defined as "very significant interference"

11  "with the individual's ability to perform basic work-related activities" (Tr. 27,

12  401).  However, the ALJ appears to reason that it is inconsistent for Dr. Arnold to

13  opine that Plaintiff is capable of understanding and carrying out simple and

14  repetitive instructions while at the same time assessing *any* marked limitations in

15  other cognitive and social factors. The ALJ does not cite a specific functional

16  limitation assessed by Dr. Arnold as "marked" that is inconsistent with his opinion

17  that Plaintiff can carry out simple and repetitive tasks. In fact, Dr. Arnold's check

18  the box limitations were consistent with his narrative comments, as he assessed

19  mild limitation in Plaintiff's ability to understand, remember, and persist in tasks

20  following simple instructions, in contrast to marked limitations in her ability to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  18

1  understand, remember, and persist in following complex instructions. Tr. 401. This

2  reason is not specific and legitimate, nor is it supported by substantial evidence.

3        Second, the ALJ rejects Dr. Arnold's opinion based in part on "the setting

4  where [Plaintiff] was being evaluated for the specific purpose of determining

5  entitlement to either state general assistance benefits, where rules for obtaining

6  benefits are much more relaxed than those used for Social Security disability

7  purposes, or for the express purpose of determining eligibility to social security

8  benefits." Tr. 27-28. It is well-settled in the Ninth Circuit that the purpose for

9  which a report is obtained does not provide a legitimate basis for rejecting it. *See*

10  *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). Thus, the ALJ erred in

11  considering the purpose for which Dr. Arnold's report was obtained.

12        However, despite this flawed reasoning, these errors are harmless because

13  the ALJ articulated additional specific and legitimate reasons for rejecting Dr.

14  Arnold's opinion that were supported by substantial evidence. *See Carmickle*, 533

15  F.3d at 1162-63. First, the ALJ found that several of Dr. Arnold's opinions were

16  unsupported by the results of his own testing, and the record as a whole. Tr. 27.

17  Consistency with the medical record as a whole, and between a treating physician's

18  opinion and his or her own treatment notes, are relevant factors when evaluating a

19  treating physician's medical opinion.  *See Bayliss*, 427 F.3d at 1216 (discrepancy

20  between treating physician's opinion and clinical notes justified rejection of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  19

1    opinion); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ may

2    reject treating physician's opinion that is unsupported by record as a whole, or by

3    objective medical findings"). Moreover, "an ALJ need not accept the opinion of a

4    doctor if that opinion is brief, conclusory, and inadequately supported by clinical

5    findings." *Thomas*, 278 F.3d at 957.

6         Here, Dr. Arnold opined that Plaintiff's "difficult with memory, focus, and

7    concentration would limit her success in the work setting." Tr. 422. However, as

8    noted by the ALJ, the results of the few mental status examinations conducted by

9    Dr. Arnold were within normal limits. Tr. 402, 417-18.  Most notably, in

10   September 2011, Dr. Arnold found that Plaintiff had "relatively good short-term,

11   and acceptable long term memory" and "generally adequate concentration abilities

12   at the time of assessment." Tr. 417-418.  The ALJ found Dr. Arnold's statement

13   was also unsupported by the "longitudinal record which indicates her pace

14   persistence, and memory are all within normal limits." Tr. 27. In 2007, Dr. Mahon

15   Dalley found Plaintiff's IQ indicated Borderline Intellectual Functioning, but the

16   results of the mental status exam were in the normal to "mild impairment" range.

17   Tr. 311-312. Dr. Dalley opined that Plaintiff did not have a psychological disability

18   that would prevent her from working in an entry level position. Tr. 315. In 2008,

19   Dr. Joyce Everhart opined that Plaintiff had "no difficulty with executive

20   functioning," "persistence seems good," and the results of mental status exams

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  20

1  were within normal limits. Tr. 325-327. In 2010, Dr. Everhart opined that

2  Plaintiff's pace and persistent were good; and mental status exam results indicated

3  her long term memory was fair, and she was able to recall three of three objects

4  immediately and three of three objects after five minutes. Tr. 362-364.

5       The ALJ noted an additional internal inconsistency between Dr. Arnold's

6  statement in November 2011 that Plaintiff "will require direct supervision in terms

7  of meeting even basic cognitive demands" (Tr. 422); and his opinion in an earlier

8  evaluation that Plaintiff "can complete very simple tasks *without* close

9  supervision" (Tr. 402)(emphasis added). The November 2011 statement is also

10 inconsistent with the medical record as a whole; which consistently indicates no

11 problems with social functioning, using public transportation, and interacting with

12 medical professionals. Tr. 312, 327, 362 -64, 400, 422. After an exhaustive review

13 of the record, the court finds that inconsistencies between several of Dr. Arnold's

14 opinions in November 2011, and his own treatment notes and objective findings

15 from the record as a whole, was a specific and legitimate reason for the ALJ to

16 reject Dr. Arnold's opinion.

17      Finally, the ALJ reasoned that "Dr. Arnold appeared to place undue reliance

18 upon the subjective allegations" of the Plaintiff. Tr. 27. "An ALJ may reject a

19 treatment physician's opinion if it is based 'to a large extent' on a claimant's self-

20 reports that have been properly discounted as incredible." *Tommasetti v. Astrue*,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  21

533 F.3d 1035, 1041 (9th Cir. 2008).  As discussed above, the ALJ properly found

Plaintiff was not credible. Dr. Arnold's opinion was based in part on Plaintiff's

self-reports; therefore this was a valid reason for the ALJ to reject his opinion.

　　　　For all of these reasons, the ALJ properly rejected Dr. Arnold's medical

opinion by articulating specific and legitimate reasons supported by substantial

evidence.

## CONCLUSION

　　　　After review the court finds the ALJ's decision is supported by substantial

evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

　　　　1.  Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

　　　　2.  Defendant's Motion for Summary Judgment, ECF No. 19, is

　　　　　　**GRANTED**.

　　　　The District Court Executive is hereby directed to enter this Order and

provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**

the file.

　　　　**DATED** this  19th day of  June, 2014.

　　　　　　　　　　　　　　_____s /Fred Van Sickle_____
　　　　　　　　　　　　　　　　　　Fred Van Sickle
　　　　　　　　　　　　　　Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT  22